RECEIVED AT ATDO
EEOC ON 10/2/2024

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC (Amended Charge) | Ch. No. 410-2024-06900 |

_____NA_____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Asian Bright | 281-824-2822 | ■ |

| Street Address | City, State and ZIP Code |
|---|---|
| 400 Pharr Rd. NE #205 | Atlanta, GA 30305 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of Atlanta | 500+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 55 Trinity Ave. SW | Atlanta GA 30303 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address   City, State and ZIP Code

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 01/2024    Latest: 04/05/2024

☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

My name is Asian Bright. In February 2021, I was hired as a code enforcement officer in the Solid Waste Education and Enforcement Team. (SWEET). In July 2021, I was promoted to the role of special projects coordinator for the city's Public Works department. My job duties included engaging inquiries by municipal officials and reviewing the feasibility of initiatives related to solid waste disposal, beautification, and fleet management.

In the late spring and summer of 2023, I experienced a mental health crisis related to my history of chronic depression and anxiety. I made my supervisor Nicole Swift, the program manager for special projects, aware of my condition and sought formal accommodations under the Americans with Disabilities Act ("ADA") that would have permitted me to telework in place of the hybrid schedule in my department of three days in office, two days out of office. The human resources department initially pushed back against my accommodations and tried to steer me toward taking time off under the Family Medical Leave Act ("FMLA"), a form of unpaid leave that I could not afford.

Eventually, in mid summer of 2023, my remote accommodation was approved for six months with the provision that I would be available for in-person site inspections if circumstances required. As I proceeded with my new schedule, there were no job performance issues and I performed my job capably.

However, Public Works Commissioner Al Wiggins and Program Manager Swift mentioned to me on multiple occasions that they thought I would benefit from taking medical leave for what he called a "mental health reset."

In January 2024, I sought to extend my remote accommodation. I was told that the request would be denied because the city viewed my position as one that required significant interfacing with the public. The city did agree to leave my accommodation in place as the documentation for the extension was considered. I also chose to take intermittent FMLA leave that permitted me up to five days a month for treatment sessions or decompression periods when I was dealing with heightened stress.

On April 2, 2024, I was informed that a decision had been made to transfer me back to the code enforcement unit, with the expectation that I would be working a primarily in-person schedule. I immediately voiced concerns that this was a clear demotion to a job I held three years earlier and that it was not responsive to my medical need to minimize high stress interactions. Code enforcement can be by definition confrontational.

On April 3, I emailed Commissioner Wiggins objecting to the transfer as punitive. The situation rapidly deteriorated as he asked the next day for a full status report on all of my open projects, a request I had never received before. Also on April 3, the HR department offered a new proposal that I would move to the code enforcement unit but would have a special projects designation with a partial remote schedule. While these terms were an improvement, the responsibilities of the role were not clearly explained and it was unclear exactly what the remote in-office balance would be. Then on April 4, while I had been told on April 2 that the transfer was optional and could be declined, I became aware that all of my assignments were suddenly being redistributed to other staffers.

On April 5, I decided to make a complaint to the HR leadership in the Public Works Department and other city leadership regarding various issues I was facing. I included in my concerns that I believed my responsibilities were being altered because of my mental health condition and I also reported that I had been subjected to inappropriate sexual banter and comments about my physical appearance by Commissioner Wiggins and Deputy Operating Officer Kwadwo Atta. The HR Director for Public Works Kim Frazier immediately responded that my allegations were serious and that she wanted to meet with me in person to discuss them. That same afternoon, when I arrived to meet with Frazier, she informed me instead that the decision had been made to terminate my employment. Prior to this point, I had never received any corrective action or performance counseling or given notice that my job performance was deficient.

I believe that my rights have been violated under the retaliation provisions of Title VII of the Civil Rights Act of 1964 and the retaliation provisions of the ADA based on my abrupt firing hours after making a formal complaint to HR of disability and sex based discrimination. My termination also reflects retaliation under the ADA for pursuing accommodations for my medical condition.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| 10 / 01 / 2024<br><br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

Doc ID: c3e34592d1f4f76d5c1c1d328453fb0aa8f91d40



Audit trail

| | |
|---|---|
| Title | Amended EEOC charge, Asian Bright |
| File name | Asian___Bright___amended_EEOC_charge.pdf |
| Document ID | c3e34592d1f4f76d5c1c1d328453fb0aa8f91d40 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT** — 10 / 01 / 2024  14:04:20 UTC-4
Sent for signature to Asian Bright (asianmarie@ymail.com) from jwalker@hkm.com
IP: 76.97.141.204

**VIEWED** — 10 / 01 / 2024  14:24:41 UTC-4
Viewed by Asian Bright (asianmarie@ymail.com)
IP: 104.28.32.191

**SIGNED** — 10 / 01 / 2024  14:27:57 UTC-4
Signed by Asian Bright (asianmarie@ymail.com)
IP: 104.28.77.21

**COMPLETED** — 10 / 01 / 2024  14:27:57 UTC-4
The document has been completed.

Powered by Dropbox Sign